**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THOMAS N. WALDORF,

    Plaintiff,

vs.                                                                                          CASE NO. 3:05-cv-1072-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**O R D E R**

This case is before the Court on Plaintiff's [Amended] Petition for Attorney Fees (Doc. #31, Petition) under the Equal Access to Justice Act ("EAJA").  Plaintiff's [Amended] Petition was filed January 4, 2008 (Doc. #31).  Plaintiff's counsel requests an award of $2,775.74 in attorney fees and $250.00 in costs (Doc. #31 at 1).  Defendant's response (Doc. #32, Response) indicates Defendant does not oppose Plaintiff's request for an award of EAJA fees or costs.  This matter is now ripe for the Court's consideration.

Based upon the petition and information contained within the record, the Court makes the following legal and factual findings:

    1.    Attorney fees are authorized in this action because Plaintiff, having obtained a sentence four remand/reversal denial of benefits, is a "prevailing party," *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993), the Commissioner failed to apply the proper legal standards in evaluating the case, thus his position here was not substantially justified.  Moreover, Plaintiff filed a timely application for attorney fees and had a net worth of less than $2,000,000.00 at the time the complaint was filed, and there are no special

circumstances which would make the award unjust.   See 28 U.S.C. § 2412(D); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2.   The amount of attorney fees to be awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees shall not exceed $125.00 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award.  28 U.S.C. § 2412(D)(2)(A).  The awarded fee may not exceed twenty-five percent of the claimant's past due benefits.  42 U.S.C. § 406(b)(1)(A).  There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such an increase is not absolutely required.  *Barber v. Sullivan*, 751 F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988).  *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion.  *Id.*  Plaintiff's counsel requests an enhancement of the statutory fee rate of $125.00 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 231-33 as codified in 28 U.S.C. § 2412(D)(2)(A).

Plaintiff's counsel argues that the statutory cap of $125.00 should be raised to $156.75 per hour for services provided in 2005, $161.25 per hour in 2006, and $165.00 per hour in 2007.  Having examined the Consumer Price Index for the years in question, the Court has determined that the increase in inflation justifies a proportionate increase in

attorney fees according to the years services were performed.[1]

3.  The cost of filing fees is expressly provided in 28 U.S.C. § 2412(a)(1), (c)(1) and the Court will award reimbursement of that cost.

4.  The Court thus finds $2,775.74 ($156.75 x 3.75 hours in 2005, $161.25 x 6.15 hours in 2006, and $165.00 x 7.25 hours in 2007) is a reasonable fee in this case.

5.  The Court further finds that $250.00 for filing fees is a reasonable claim for costs in this case under 28 U.S.C. § 2412(a)(1), (c)(1).

6.  Plaintiff's counsel states that the attorney fee should be paid directly to Plaintiff's counsel (Doc. #31 at 1, 3).  Plaintiff's counsel also attached an assignment of EAJA fees completed by Plaintiff, directing the Court to pay attorney fees directly to Plaintiff's counsel (Doc. #33).  Although Defendant did not object, under Eleventh Circuit Court of Appeals case law the prevailing party, not the prevailing party's counsel, is eligible to recover attorney fees under the EAJA as part of its litigation expenses.  *Panola Land Buying Ass'n v. Clark*, 844 F.2d 1506, 1509-11 (11th Cir. 1988).  In that case, the Eleventh Circuit awarded EAJA fees to the prevailing plaintiff, not its counsel, in accordance with the specific language of the EAJA.  The Court notes a case is on appeal in the Eleventh Circuit where an award of attorney fees was issued to a plaintiff as the prevailing party, and not the plaintiff's counsel.  *Reeves v. Barnhart*, 473 F. Supp. 2d 1173, 1177 (M.D. Ala. 2007), No. 07-11404 (11th Cir. argued Feb. 11, 2008).  Considering this case has currently not

---

[1] The Court arrived at its conclusions by visiting the following website: http://woodrow.mpls.frb.fed.us/research/data/us/calc/ (last visited Apr. 14, 2008).  The Court notes the $125.00 hourly rate, when adjusted for inflation for the year 2005 equates to $155.59 per hour, in 2006 it calculates to $160.61 per hour, and in 2007 it equals $165.15 per hour.  Given Plaintiff's requested amount for 2005 minimally exceeds the figure in the Consumer Price Index online, the Court will allow the difference in this instance.

been resolved by the Eleventh Circuit, Plaintiff's request is denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff's [Amended] Petition for Attorney Fees (Doc. #31) is **GRANTED**.

2. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the amount of $2,775.74 for attorney fees and $250.00 for costs.

3. The request that the Court direct the payment of the fees be made to Michael Steinberg, Esquire is **DENIED**. The Clerk is directed to mail Plaintiff's check to Michael A. Steinberg & Associates, 1000 North Ashley Drive, Suite 520, Tampa, Florida 33602.

**DONE AND ORDERED** at Jacksonville, Florida this 14th day of April, 2008.

Copies to all counsel of record
and *pro se* parties, if any

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge